**Affirmed and Memorandum Opinion filed March 13, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-11-00042-CR**

---

**JARRETT RASHAUD MARSHALL, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee.**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1282879**

---

## MEMORANDUM OPINION

Appellant Jarrett Rashaud Marshall appeals the sufficiency of the evidence supporting his jury conviction for aggravated robbery. We affirm.

I

At around 10 p.m. one evening, Marshall and another man charged into an apartment with guns drawn and demanded money from the occupants. A man and his twin thirteen-year-old sons were inside the apartment. A third boy, the twins' older brother, lived at the apartment but was not present when the robbery occurred. One of the twins stood up, and Marshall swung the gun toward him and ordered him to sit down on the ground. The family knew Marshall because he used to fraternize with the older brother. About two weeks before the robbery, Marshall had stopped by the apartment to collect money the older brother owed him. The older brother was not home that time either.

After crashing into the apartment, Marshall asked the twins' father, "Where's the money at?" The man responded that he did not know and that the family had no money. Unsatisfied, Marshall stormed through the apartment, flipping the twins' mattress and rifling through the family's belongings. After searching the apartment, Marshall took one twin's wallet, an Xbox, and several games and controllers that belonged to the twins.

At trial, both twins testified that Marshall had been one of the men who burst into their apartment and that he had pointed a gun at them. They also testified that Marshall took their Xbox and several other items. The twins' father had passed away prior to trial; his death was unrelated to the robbery. The jury returned a guilty verdict and sentenced Marshall to eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

II

A

A majority of judges on the Court of Criminal Appeals has concluded that the *Jackson v. Virginia*[1] legal-sufficiency standard is the only standard a court reviewing a criminal case should apply in determining whether the evidence is sufficient to support

---

[1] 443 U.S. 307 (1979).

each element that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 926 (Cochran, J., concurring, joined by Womack, J.) (agreeing with the plurality conclusion). Accordingly, we ask only if the evidence is legally sufficient to sustain a verdict of guilty beyond a reasonable doubt. *See id.* at 912 (plurality op.); *see also Orsag v. State*, 312 S.W.3d 105, 115 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

In a legal-sufficiency case, we examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Although we consider everything presented at trial, we do not substitute our judgment regarding the weight and credibility of the evidence for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume the jury resolved conflicting inferences in favor of the verdict, and defer to that determination. *Clayton*, 235 S.W.3d at 778. We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

To obtain a conviction for aggravated robbery, the State must prove, beyond a reasonable doubt, that the accused (1) unlawfully appropriated property with the intent to deprive from its owner,[2] (2) intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death,[3] and (3) uses or exhibits a deadly weapon.[4] The State must prove beyond a reasonable doubt that the defendant is the person who

---

[2] Tex. Penal Code § 31.03(a) (Theft).

[3] Tex. Penal Code § 29.02(a)(2) (Robbery).

[4] Tex. Penal Code § 29.03(a)(2) (Aggravated Robbery).

committed the charged offense. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984).

B

Marshall attacks the sufficiency of the evidence on the basis that it fails to demonstrate a nexus between the alleged assault and theft. He argues that his decision to take the Xbox and other items was an afterthought and he did not have the intent to commit theft until after the assault was complete. *See Moody v. State*, 827 S.W.2d 875, 892 (Tex. Crim. App. 1992) (en banc) (holding that "proof of a robbery committed as an afterthought and unrelated to a murder would not provide sufficient evidence of capital murder"). We are unpersuaded.

If there is evidence from which the jury could rationally conclude beyond a reasonable doubt that the defendant formed the intent to obtain or maintain control of the victim's property either before or during the commission of the assault, then the State has proven that the theft occurred in the course of the assault. *See Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995) (en banc). The jury may infer the requisite intent from the conduct of the defendant. *Id.*

Based on the evidence at trial, a rational jury could have found beyond a reasonable doubt that: (1) On a previous occasion, Marshall attempted to collect money from the twins' older brother; (2) on failing to collect that money, Marshall had determined to take something of comparable value when he returned; and (3) he took the Xbox and other items to recoup his losses. From these findings, a rational jury could have further found beyond a reasonable doubt that, at or before the time of the assault, Marshall formed the intent to obtain the Xbox and other items. We conclude that the state sufficiently demonstrated a nexus between the assault and theft. The evidence is legally and factually sufficient to support a guilty verdict.

\* \* \*

For the foregoing reasons, we affirm.

/s/    Jeffrey V. Brown
       Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).